

FILED
SEP 2 3 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 08-37-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRYAN B. NORCROSS, | ) | |
| | ) | |
| Defendants. | ) | |

The United States filed this action against Defendant Bryan Norcross, claiming it is the assignee of the promissory notes securing Norcross's defaulted student loans. The United States seeks relief in the form of a principal loan amount of $24,199.41, interest accrued on the principal in the amount of $22,333.06, post-judgment interest, and a filing fee. Norcross filed a Motion to Dismiss for Improper Venue, and the government has filed its response.

Norcross appears in this action *pro se*. According to the exhibits provided with the United State's complaint, Norcross used the loan funds he received to study philosophy and law. The government asserts in its response to Norcross's Motion that he is an attorney. Norcross moved to dismiss the complaint against him pursuant to Fed. R. Civ. P. 12(b)(3), which provides that a

Defendant may assert the defense of improper venue in a motion prior to filing an answer. Norcross did not file a brief in support of his motion. The motion offers one sentence to support its conclusion that venue is improper: "Plaintiff is merely a successor in interest to loans given by the First Interstate Bank, Missoula, Montana, not by the Plaintiff. Plaintiff stands in the shoes of the original lender, and therefore venue would be proper in state court, not federal court." Dkt # 4.

Norcross's argument is not well taken. While it implicitly relies on the common-law-of-contracts maxim that "the assignee stands in the shoes of the assignor," it fails to account for the federal statutes that allow students like Norcross to receive guaranteed student loans. The Higher Education Act, 20 U.S.C. § 1071 *et seq.*, authorizes educational loans to students from commercial lenders, with the risk of default for the bank borne by a state agency as guarantor. In turn, the guarantor's risk is borne by the federal government as reinsurer of the loan. The statute provides that if a borrower defaults and the guarantor (i.e., the state) pays the lender, the Department of Education will pay a percentage of the losses the state incurs in guaranteeing the loan.

Once the federal government has fulfilled its obligation to the guarantor, the borrower is then indebted to the federal government. See 29 U.S.C. § 1078(c)(8) ("If the Secretary determines that the protection of the Federal fiscal interest so

requires, a guaranty agency shall assign to the Secretary any loan of which it is the holder and for which the Secretary has made a payment pursuant to paragraph (1) of this subsection."). Norcross seems to suggest that the federal government has only the rights of the original commercial lender, including the right to sue in state, but not federal, court. Section 1345 of Title 28 of the United States Code, however, gives federal district courts jurisdiction over civil actions commenced by the United States. This is such an action.

Moreover, the government correctly points out that Norcross, in filing his motion, has violated D. Mont. L.R. 7.1(j), 7.1(c) and (i). Rule 7.1(i) states that the failure to file a brief in support of a motion "shall be deemed an admission that the motion is without merit." And it states, "The practice of filing motions to dismiss without a brief in support in order to gain additional time to respond may be viewed by the Court as a violation of Fed. R. Civ. P. 11."

Accordingly,

IT IS HEREBY ORDERED that Norcross's Motion to Dismiss for Improper Venue (dkt # 4) is DENIED.

Dated this 22nd day of September, 2008.

_____
Donald W. Molloy, District Judge
United States District Court